

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**FILED**

**JUN 1 7 1999**

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| ALLYSON L. FURR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-CV-0344B (M) |
| | ) | |
| ICON HEALTH & FITNESS, INC., | ) | |
| formerly known as HEALTHRIDER, | ) | |
| CORPORATION and JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES**

**COMES NOW** the Plaintiff, Allyson L. Furr, and for her First Cause of Action against the

Defendant, Icon Health & Fitness, Inc., and Jane Doe alleges and states as follows:

1.      The Plaintiff, Allyson L. Furr, is a resident of the State of Florida.  The Defendant Icon

Health & Fitness, Inc., formerly known as HealthRider Corporation is a Delaware corporation, doing

business in Tulsa, Tulsa County, State of Oklahoma, at 7021 South Memorial Drive in the Woodland

Hills Mall complex at all times material to this Complaint.  The Defendant, Icon Health & Fitness,

Inc., may be served with Summons by and through its Registered Service Agent, The Corporation

Company, 735 First national Building, Oklahoma City, Oklahoma 73102.  That the Defendant Jane

Doe is a resident of Oklahoma and was an employee/agent of Icon Health & Fitness, Inc., at all times

herein and will be substituted by name upon discovery.

2.      All acts complained of herein occurred in Tulsa, Tulsa County, State of Oklahoma.

This Court has jurisdiction of the parties, and venue is proper in the Court.

3.      That Icon Health & Fitness, Inc., is a business engaged in inviting members of the

public into its store at the Woodland Hills Mall complex for the purpose of the demonstration and



sale of home exercise equipment. As such Icon Health & Fitness, Inc., is a business invitor. Icon Health & Fitness, Inc., employed as its agent and servant the Jane Doe Defendant at all material times herein and is liable for her acts under *Respondeat Superior* as more fully set out.

4.      That on or about October 30th, 1997, the Plaintiff, Allyson L. Furr, entered the Icon Health & Fitness, Inc., store at Woodland Hills Mall in Tulsa, Tulsa County, State of Oklahoma as an invitee for the purpose of inquiring about the purchase of a treadmill. She approached the Jane Doe sales clerk about the different treadmills available, and the sales clerk directed her to a Soft Strider SE (2.5 HP DC Motor, 16" x 50" treadbelt. 0.5 to 10 MPH). The Plaintiff and Jane Doe employee sales clerk of Icon Health & Fitness, Inc., discussed the attributes of the Soft Strider SE model for a few moments before the sales clerk placed the Plaintiff upon the equipment for an in store demonstration of the particular model. The Plaintiff entered upon the treadmill and the sales clerk turned on the machine to begin the operation of the treadmill without disclosing or warning of the latent defects existing in the subject machine. The pace increased to 2.5 MPH within approximately 10 seconds, causing the Plaintiff to lose control of her ability to walk on the treadmill. The bottom of her left shoe was caught on the left side of the treadmill between the belt and the frame, causing her left leg to be pulled back with the motion of the treadmill as the right leg went forward, twisting her body and causing her to fall.

5.      That the Plaintiff's friend caught her and decreased the speed of the treadmill to stop it from moving. The automatic kill switch either was not placed on the Plaintiff by the Jane Doe sales clerk to stop the machine when she fell, or it was not properly functioning. That the sales clerk did not take any action to slow or stop the treadmill, or render aid to the Plaintiff after she fell. That the sales clerk denied two requests for an ambulance and finally advised the Plaintiff that she would have to call mall security before an ambulance would be summoned. The sales clerk simply asked her if

she would like something to drink, and asked her to move to a seat in the store to catch her breath and allow her friend to drive her to the hospital.

6.     Ultimately, mall security arrived after the third request, and an ambulance was summoned, whereby the Plaintiff was transported to St. Francis Hospital for x-rays, and within five hours, emergency surgery for the placement of three pins in her hip and diagnosis of a left femoral fracture.

7.     That the Plaintiff was confined at St. Francis Hospital from October 30th, 1997 through November 7th, 1997. Upon her release, she traveled to Florida, the place of residence of her parents. The bones in her leg were not healing and were still out alignment after five months. One of the pins had backed into the ball of the hip, threatening the blood source, and the Plaintiff was referred for a second surgery being a valgus osteotomy on April 8th, 1998. She was confined in the hospital between April 8th, 1998 and April 12th, 1998.

8.     That the Plaintiff has been on a walker and/or in a wheelchair since October 30th, 1997, and is just now beginning to be allowed to put weight on the leg with pins and metal plates presently in her hip and leg. She will be required to undergo future surgeries to continue with repair or healing.

9.     That an invitor as Icon Health & Fitness, Inc., owes a duty to the invitee to warn and protect the invitee, not only against the dangers which it knows; including latent defects, but also against those dangers with which reasonable care it might have discovered and prevented. That further, an invitor owes a duty of reasonable care to make its premises and product safe for those who come into the business for the purpose of the business including products with latent defects.

10.     That the Defendant, by and through its agent, employee and servant Jane Doe sales clerk, breached its duty to the Plaintiff/Invitee by failing to warn or instruct on the operations and dangers of the Soft Strider, including latent defects, by failing to appreciate the damages of a treadmill

in its operation and design, by failing to operate and control the Soft Strider in a safe and reasonable manner with the invitee, by failing to control the operations of the Soft Strider in starting and failing to stop the treadmill; and further, by failing to render aid upon request. That the breach of duties by the Defendants was negligent and caused the injuries of the Plaintiff. That under *Respondeat Superior,* the Defendant is liable for the acts, or failure to act, of its Jane Doe employee sales clerk.

11.     That as a result of the negligence of the Defendants the Plaintiff has sustained injuries to her neck, hip and leg, suffered the loss of wages, was prevented from transacting her business, has suffered the loss of earning capacity in the future, pain of body and mind, emotional trauma, and has incurred, or will incur expenses for medical attention, both past and future, resulting from the negligence of the Defendants in an amount in excess of $10,000.00.

**WHEREFORE,** premises considered, the Plaintiff, Allyson L. Furr, prays for a judgment against the Defendants, Icon Health & Fitness, Inc., formerly known as HealthRider, Inc., and Jane Doe for a sum in excess of $10,000.00 for actual damages with pre and post judgment interest thereon, costs of the actions, attorneys fees, and such other and further relief the Court deems just and proper in the premises.

Respectfully Submitted,

GLENN R BEUSTRING AND ASSOC.

GLENN R. BEUSTRING, OBA #768
2624 East 21st Street
Suite 1
Tulsa, Oklahoma 74114
918.747.1341- telephone
918.747.1993 - facsimile

Co-Counsel:

RANDALL A. GILL, OBA # 10309
GILL LAW OFFICE
2512 East 21st Street
Suite 100
Tulsa, Oklahoma 74114
918.747.1958 - telephone
918.747.1108 - facsimile

## CERTIFICATE OF MAILING

This is to certify that on this, the 17 day of June , 1999, a true, correct, and exact copy of the above and foregoing instrument was mailed to the following with proper postage thereon fully prepaid:

Gregory D. Nellis
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096

_____
Randall A. Gill